2016 MAY -5 AM 9: 33

JAMES W. McCORMACK

**MANDATE**

BY:_____**CERTIFIED QUESTION ANSWERED**

PROCEEDINGS OF APRIL 14, 2016

SUPREME COURT CASE NO. CV-15-677

CORINA MENDOZA                                                APPELLANT

V. CERTIFIED QUESTION FROM THE UNITED STATES DISTRICT COURT FOR THE
     EASTERN DISTRICT OF ARKANSAS, WESTERN DIVISION
     (4:14CV00426 JM)

WIS INTERNATIONAL, INC., ANTHONY ADAMS, AND
WASHINGTON INVENTORY SERVICES, INC.                           APPELLEES

THIS CERTIFIED QUESTION WAS SUBMITTED TO THE ARKANSAS SUPREME
COURT ON THE RECORD OF THE UNITED STATE DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS, WESTERN DIVISION, AND BRIEFS OF THE
RESPECTIVE PARTIES.  AFTER DUE CONSIDERATION, IT IS THE DECISION OF THE
COURT THAT THE CERTIFIED QUESTION IS ANSWERED AS SET OUT IN THE
ATTACHED OPINION.
          BAKER, HART, AND WOOD, JJ., DISSENT.

IN TESTIMONY, THAT THE ABOVE IS A TRUE AND CORRECT COPY OF THE
JUDGMENT OF THE ARKANSAS SUPREME COURT, I, STACEY PECTOL,
CLERK, SET MY HAND AND AFFIX MY OFFICIAL SEAL, ON THIS 3RD DAY OF
MAY, 2016.

_____
STACEY PECTOL, CLERK

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 05 2016

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

# SUPREME COURT OF ARKANSAS

No. CV-15-677

| | |
|---|---|
| CORINA MENDOZA<br>PETITIONER | Opinion Delivered April 14, 2016 |
| V. | CERTIFIED QUESTION FROM THE<br>UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF<br>ARKANSAS, WESTERN DIVISION |
| WIS INTERNATIONAL, INC.,<br>ANTHONY ADAMS, AND<br>WASHINGTON INVENTORY<br>SERVICES, INC. | HONORABLE JAMES M. MOODY, JR. |
| RESPONDENTS | CERTIFIED QUESTION ANSWERED. |

**PAUL E. DANIELSON, Associate Justice**

This case involves a question of law certified to this court by the United States District Court for the Eastern District of Arkansas in accordance with Arkansas Supreme Court Rule 6-8 and accepted by this court on September 17, 2015. *See Mendoza v. WIS Int'l, Inc.*, 2015 Ark. 321.

The certified question is:

Under the facts of this case, does Arkansas Code Annotated section 27-37-703, which restricts the admissibility of seat belt-nonuse evidence in civil actions, violate the separation-of-powers doctrine found in article IV, section 2, of the Arkansas Constitution?

We conclude that the answer is yes. Arkansas Code Annotated section 27-37-703 is unconstitutional.

According to the district court's order, the certified question arises from a car accident that occurred on August 1, 2011, on Interstate 630 in Little Rock, Arkansas. Petitioner Corina Mendoza was a passenger in the backseat of a vehicle operated by respondent Anthony Adams when Adams fell asleep at the wheel and ran into the back of a parked excavator. Mendoza filed an amended complaint seeking damages for significant and permanent personal injury. Mendoza alleged that Adams was acting in the course of his employment with respondents WIS International, Inc., and Washington Inventory Services, Inc. (collectively "WIS"), at the time of the accident. WIS and Adams filed answers and pled the affirmative defense of comparative fault, specifically including Mendoza's failure to wear a seat belt at the time of the accident.

WIS and Adams filed motions in the district court challenging the constitutionality of section 27-37-703 on the basis that the statute purports to limit or otherwise dictate what evidence is admissible at trial and is, therefore, unconstitutional. The arguments of Adams and WIS are based on article 4, § 2 and amendment 80, § 3 of the Arkansas Constitution. They contend that, under amendment 80, § 3 of the Arkansas Constitution and the separation-of-powers doctrine, section 27-37-703 is unconstitutional. Specifically, respondents argue that section 27-37-703(a)(1) is unconstitutional because it is a legislative attempt to impose a rule of evidence. American Trucking Associations, Inc., and Arkansas Trucking Association, Inc., filed amicus curiae briefs asserting that the statute is unconstitutional. The Arkansas Trial Lawyers Association filed an amicus brief asserting that the statute is constitutional.

CV-15-677

It is well settled that there is a presumption of validity attending every consideration of a statute's constitutionality; every act carries a strong presumption of constitutionality, and before an act will be held unconstitutional, the incompatibility between it and the constitution must be clear. *Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241, 308 S.W.3d 135 (citing *Shipp v. Franklin*, 370 Ark. 262, 258 S.W.3d 744 (2007)). Any doubt as to the constitutionality of a statute must be resolved in favor of its constitutionality. *See id.* The heavy burden of demonstrating the unconstitutionality is upon the one attacking it. *See id.* Finally, when possible, we will construe a statute so that it is constitutional. *See id.*

In determining the constitutionality of the statutes, we look to the rules of statutory construction. *Johnson*, 2009 Ark. 241, 308 S.W.3d 135 . When construing a statute, the basic rule is to give effect to the intent of the legislature. *Id.* (citing *Rose v. Ark. State Plant Bd.*, 363 Ark. 281, 213 S.W.3d 607 (2005)). Where the language of a statute is plain and unambiguous, we determine the legislative intent from the ordinary meaning of the language used. *See id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *See id.*

As a threshold issue, Mendoza asserts that respondents' motions challenging the constitutionality of section 27-37-703 are premature. She contends that this matter is not ripe because respondents did not introduce evidence of her nonuse of a seat belt. Respondents argue in their briefs that they cannot introduce evidence of Mendoza's nonuse of a seat belt because it is prohibited by section 27-37-703(a)(1), thereby placing respondents in a "catch-22" situation. We accepted the request from the district court to determine the certified

question of whether section 27-37-703 is unconstitutional. We have not been asked to determine whether respondents' motions are premature; therefore, we will not address Mendoza's argument on this point.

We now turn to respondents' challenge to the constitutionality of section 27-37-703, which provides as follows:

> (a)(1) The failure of an occupant to wear a properly adjusted and fastened seat belt shall not be admissible into evidence in a civil action.
>
> (2) Provided, that evidence of the failure may be admitted in a civil action as to the causal relationship between noncompliance and the injuries alleged, if the following conditions have been satisfied:
>
> > (A) The plaintiff has filed a products liability claim other than a claim related to an alleged failure of a seat belt;
> >
> > (B) The defendant alleging noncompliance with this subchapter shall raise this defense in its answer or timely amendment thereto in accordance with the rules of civil procedure; and
> >
> > (C) Each defendant seeking to offer evidence alleging noncompliance has the burden of proving:
> >
> > > (i) Noncompliance;
> > >
> > > (ii) That compliance would have reduced injuries; and
> > >
> > > (iii) The extent of the reduction of the injuries.
>
> (b)(1) Upon request of any party, the trial judge shall hold a hearing out of the presence of the jury as to the admissibility of such evidence in accordance with the provisions of this section and the rules of evidence.
>
> (2) The finding of the trial judge shall not constitute a finding of fact, and the finding shall be limited to the issue of admissibility of such evidence.

Ark. Code Ann. § 27-37-703 (Repl. 2014).

CV-15-677

Mendoza argues that the statute is a matter of substantive law, defining what is negligent for purposes of comparative fault and is therefore within the province of the legislature. She asserts that section 27-37-703 is a substantive alteration to the law of comparative fault or contributory negligence and not rules of pleading, practice, or procedure. Respondents assert that the statute is a matter of procedural law, which is exclusively in this court's domain.

Law is substantive when it is "[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of the parties." *See Johnson*, 2009 Ark. at 8, 308 S.W.3d at 141 (quoting *Summerville v. Thrower*, 369 Ark. 231, 237, 253 S.W.3d 415, 419–20 (2007) (citing *Black's Law Dictionary* 1443 (7th ed. 1999))). Procedural law is defined as "[t]he rules that prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights or duties themselves." *Summerville*, 369 Ark. at 237, 253 S.W.3d at 420 (citing *Black's Law Dictionary* 1221 (7th ed. 1999)).

It is undisputed that the rules of evidence are "rules of pleading, practice and procedure." *See Johnson*, 2009 Ark. 241, at 10, 308 S.W.3d at 142. We have held that the rules of evidence fall within this court's domain. *See id.*, 308 S.W.3d 135 (citing *Ricarte v. State*, 290 Ark. 100, 717 S.W.2d 488 (1986)). Accordingly, under our holding in *Johnson*, if the statute is a rule of evidence, then it violates separation of powers and is unconstitutional. In *Johnson*, we held that the nonparty provision of Arkansas Code Annotated section 16-55-212(b), which limited the evidence that may be introduced at trial relating to the value of medical expenses, was unconstitutional. We held that the provision clearly dictated what

5                                                     CV-15-677

evidence is admissible and therefore found the statute to be unconstitutional. The statute in *Johnson* provided as follows:

> Any *evidence* of damages for the costs of any necessary medical care, treatment, or services received *shall include only* those costs actually paid by or on behalf of the plaintiff or which remain unpaid and for which the plaintiff or any third party shall be legally responsible.

2009 Ark. 241, at 10, 308 S.W.3d at 142 (emphasis in original) (quoting Ark. Code Ann. § 16-55-212(b) (Supp. 2003)).

In *Johnson*, we held that because the provision clearly limited the evidence that may be introduced relating to the value of medical expenses, thereby dictating what evidence is admissible, the statute violated the separation-of-powers doctrine. *Johnson*, 2009 Ark. 241, 308 S.W.3d 135. In the seat-belt statute, section 27-37-703(a), the trial court is given the discretion to determine whether evidence is admissible in product-liability actions only and is barred from determining admissibility in other actions.

Mendoza contends that section 27-37-703 is a matter of substantive law defining what is negligence for purposes of comparative fault. In support of her contention, Mendoza relies on *Potts v. Benjamin*, 882 F.2d 1320 (8th Cir. 1989), where the Eighth Circuit held that a statute modifying the content of state tort-law doctrines of contributory and comparative negligence was a classic example of "the type of substantive rule of law binding upon a federal court in a diversity case." *Id.* at 1324. In *Potts*, the Eighth Circuit addressed Arkansas Code Annotated section 27-34-106, the statute regarding the use of evidence of failure to place

CV-15-677

children in child-restraint seats. The Eighth Circuit stated that section 27-34-106 established a rule of substantive law.

However, section 27-34-106 is distinguishable from section 27-37-703. The seat-belt statute states that evidence of nonuse may not be admitted, whereas section 27-34-106 provides that the failure to place children in child-restraint seats may not be admitted as evidence of comparative or contributory negligence.

Moreover, section 27-37-703 originally contained the same language found in the child-restraint statute. In 1991, section 27-37-703 provided in part as follows:

> The failure to provide or use a seat belt shall not be considered under any circumstances as evidence of comparative or contributory negligence, nor shall such failure be admissible as evidence in the trial of any civil action with regard to negligence.

In 1995 Ark. Acts 1118, the language "shall not be considered under any circumstances as evidence of comparative or contributory negligence" and "with regard to negligence" was removed from section 27-37-703 by the legislature. However, the analogous language found in the child safety-seat statute was not removed.

Mendoza also argues that even if section 27-37-703 is strictly a rule of evidence, it is still valid based on Rule 402 of the Arkansas Rules of Evidence, which reads "all relevant evidence is admissible, except as otherwise provided by statute or by these rules or by other rules applicable in the courts of this State." Mendoza contends that Rule 402 specifically empowers the legislature to determine relevance by statute and that the legislature properly exercised this power in the seat-belt statute. Mendoza relies on our holding in *Bedell v.*

7

CV-15-677

*Williams*, 2012 Ark. 75, 386 S.W.3d 493, wherein this court considered the constitutionality of a statute giving medical-care providers the privilege to refuse to testify as to certain matters. The issue in *Bedell* was whether Arkansas Code Annotated section 16-114-207 was unconstitutional. In *Bedell*, we held the following:

> This court has specifically given the General Assembly the power to enact statutes regarding testimonial privilege. *See* Ark. R. Evid. 501 (no person has a privilege to refuse to testify or prevent another from being a witness "except as otherwise provided by constitution *or statute*") (emphasis added). Therefore, this section does not violate the separation-of-powers doctrine.

*Bedell*, 2012 Ark. 75, at 17, 386 S.W.3d at 505. Mendoza asserts that our holding regarding Rule 501 should be applied to Rule 402, with the end result being that the legislature is empowered to determine relevance by statute based on the language "except as otherwise provided by statute." Ark. R. Evid. 402. Mendoza's argument contradicts our holding in *Johnson* that the legislature cannot enact a statute that "clearly limits the evidence that may be introduced." *Johnson*, 2009 Ark. 241, at 11, 308 S.W.3d at 142.

*Bedell* and *Johnson* are distinguishable. We have previously ruled that a statute granting a privilege is substantive law. *See Cato v. Craighead Cnty. Circuit Court*, 2009 Ark. 334, at 9, 322 S.W.3d 484, 489 (2009) (holding that a statute granted a "privilege" to members of the organized militia serving military duty by granting them exemption from civil process). We held that the creation of such a privilege was substantive legislation.

In Rule 501 of the Arkansas Rules of Evidence, we granted the legislature the authority to enact statutes regarding privilege because the power of the legislature to enact statutes regarding privilege is substantive law and does not conflict with amendment 80 and

the separation-of-powers doctrine. Rule 402, however, is procedural in that it dictates what evidence is relevant. Just as we will not interpret a statutory provision so as to reach an absurd result, neither will we interpret a court rule in such a manner. *Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl. Servs., Inc.*, 2011 Ark. 501, 385 S.W.3d 797. If we were to grant authority to the legislature to determine the relevancy of evidence in court proceedings, we would be depriving the trial courts of their exclusive authority to determine the relevancy of evidence. Such an interpretation of Rule 402 would create an absurd result.[1]

Prior to the passage of amendment 80, this court and the legislature shared authority to prescribe procedure. *Curtis v. State*, 301 Ark. 208, 783 S.W.2d 47 (1990). In *State v. Sypult*, 304 Ark. 5, 7, 800 S.W.2d 402, 404 (1990), we held that when conflicts arise between legislation and rules of evidence and procedure, "our rules remain supreme." Conversely, since the passage of amendment 80, we held that "so long as a legislative provision dictates procedure, that provision need not directly conflict with our procedural rules to be unconstitutional. This is because rules regarding pleading, practice, and procedure are solely the responsibility of this court." *Johnson*, 2009 Ark. 241, at 8, 308 S.W.3d at 141.

The seat-belt statute is procedural and therefore offends the principle of separation of powers and the powers specifically prescribed to this court by amendment 80. *See Johnson.* Accordingly, we hold that Arkansas Code Annotated section 27-37-703 violates separation

---

[1] We request our Civil Practice Committee to review Rule 402 in light of this opinion. To the extent that any other rules of evidence conflict with *Johnson v. Rockwell*, we refer those rules to the Committee for review as well.

CV-15-677

of powers under article 4, § 2 and amendment 80, § 3 of the Arkansas Constitution and is therefore unconstitutional.

Certified question answered.

BAKER, HART, and WOOD, JJ., dissent.

# SUPREME COURT OF ARKANSAS

No. CV-15-677

| | |
|---|---|
| CORINA MENDOZA | Opinion Delivered April 14, 2016 |
|             PETITIONER | |
| | |
| V. | |
| | |
| WIS INTERNATIONAL, INC., ANTHONY ADAMS, AND WASHINGTON INVENTORY SERVICES, INC. | |
|             RESPONDENTS | DISSENTING OPINION. |

**KAREN R. BAKER, Associate Justice**

Based on the record before the court, I cannot join the majority opinion, and I therefore respectfully dissent. The question of law certified to this court is as follows:

> Under the facts of this case, does Arkansas Code Annotated section 27–37–703, which restricts the admissibility of seatbelt-nonuse evidence in civil actions, violate the separation-of-powers doctrine found in article IV, section 2, of the Arkansas Constitution?

The answer to this certified question of law should be answered in the negative.

A particular provision in a statute must be construed with reference to the statute as a whole. *Flowers v. Norman Oaks Constr. Co.*, 341 Ark. 474, 17 S.W.3d 472 (2000) (citing *Boyd v. State*, 313 Ark. 171, 853 S.W.2d 263 (1993)).

At issue is Chapter 37 of Title 27, which governs equipment regulations. Subchapter 7 is entitled "Mandatory Seat Belt Use." Section 27-37-702, "Seat belt use required – Applicability of subchapter," provides in pertinent part:

> *Each driver* and *front seat passenger* in any motor vehicle operated on a street or highway
> in this state shall wear a properly adjusted and fastened seat belt properly secured to the
> vehicle.

Ark. Code Ann. § 27-37-702(a) (emphasis added).   Thus, pursuant to the plain language of

Ark. Code Ann. section 27-37-702, Subchapter 7 is only applicable to "each driver and front

seat passenger."  Turning to the facts of this case, the certification order states that "[Mendoza]

was a *passenger in the backseat* of a vehicle operated by Defendant Anthony Adams when Adams

fell asleep at the wheel and ran into the back of a parked excavator."   (Emphasis added.)

Accordingly, because Mendoza was neither a driver nor a front-seat passenger, Subchapter 7

is inapplicable under the facts of this case.   It is well settled that this court does not render

advisory opinions or answer academic questions. *Wilson v. Pulaski Ass'n of Classroom Teachers*,

330 Ark. 298, 954 S.W.2d 221 (1997).   Thus, because Subchapter 7 is inapplicable, the

majority errs in its consideration of the constitutionality of Ark. Code Ann. section 27-37-

703.

Therefore, under the facts in this case, I would answer the certified question in the

negative and must respectfully dissent from the majority's consideration of a statutory

provision that is clearly inapplicable to the facts of this case.

# SUPREME COURT OF ARKANSAS

No. CV-15-677

| | |
|---|---|
| CORINA MENDOZA<br>                               PETITIONER<br><br>V.<br><br>WIS INTERNATIONAL, INC.,<br>ANTHONY ADAMS, AND<br>WASHINGTON INVENTORY<br>SERVICES, INC.<br>                               RESPONDENTS | Opinion Delivered April 14, 2016<br><br>CERTIFIED QUESTION FROM THE<br>UNITED STATES DISTRICT<br>COURT FOR THE EASTERN<br>DISTRICT OF ARKANSAS<br><br>HON. JAMES M. MOODY, JR.,<br>JUDGE<br><br>DISSENTING OPINION. |

**JOSEPHINE LINKER HART, Justice**

This court accepted a very specific certified question from the United States District Court for the Eastern District of Arkansas. The very first clause in the certified question expressly limits the inquiry to the "facts of this case." There is no dispute that Ms. Mendoza, at the time of the accident, was asleep in the *back seat* of the vehicle being driven by Anthony Adams. Likewise, in clear language, the Arkansas Mandatory Seat Belt Use Law requires only the occupants of the front seat of a vehicle to wear seat belts. Because Arkansas Code Annotated section 27-37-703 applies only to the driver and the front seat passengers, it is inapplicable to the factual situation that confronted the district court. Accordingly, the majority's opinion regarding the provision of section 27-37-703 can have no practical effect on the outcome of Ms. Mendoza's case. Thus this court's musings are purely advisory or the answer to an academic question, tasks which this court has repeatedly said it would not undertake. *Woodrome v. Daniels*, 2010 Ark. 244, 370 S.W.3d 190; *Saunders v. Neuse*, 320 Ark.

547, 898 S.W.2d 43 (1995); *Walker v. McCuen*, 318 Ark. 508, 886 S.W.2d 577 (1994);

*Dougan v. Gray*, 318 Ark. 6, 884 S.W.2d 239 (1994); *Gladden v. Bucy*, 299 Ark. 523, 772

S.W.2d 612 (1989); *Neeley v. Barber*, 288 Ark. 384, 706 S.W.2d 358 (1986).

Under these circumstances, this court must remain true to its rules and well-established

practices and decline to answer this certified question. Arkansas Supreme Court Rule 6-8

(2012), contemplates just such a disposition:

> (a)(5) In its discretion, the Supreme Court may at any time rescind its decision to answer a certified question. The Clerk shall promptly mail notice to the certifying court, counsel of record, and parties appearing without counsel.

I contend that it is only prudent to rescind this court's acceptance of the certified question.

In my view, the majority was not only wrong for agreeing to answer this question, it

is wrong in its answer as well. Although the majority recognizes it, it fails to honor the

presumption of validity attending every consideration of a statute's constitutionality. *Johnson*

*v. Rockwell Automation, Inc.*, 2009 Ark. 241, 308 S.W.3d 135. Before this court can declare

an act to be unconstitutional, the incompatibility between it and the constitution must be

clear. *Id.* Any doubt as to the constitutionality of a statute must be resolved in favor of its

constitutionality. *Id.* When possible, we must construe a statute so that it is constitutional.

*Id.* There is ample basis to construe this statute so as to find it constitutional.

Amendment 80, section 3 of the Arkansas Constitution gives this court the authority

to make rules regarding pleading, practice, and procedure for the courts of this state. It states,

"The Supreme Court shall prescribe the rules of pleading, practice and procedure for all

courts; provided these rules shall not abridge, enlarge or modify any substantive right and shall

2

preserve the right of trial by jury as declared in this Constitution." In *Rockwell Automation, supra*, this court cited this provision of the Arkansas Constitution as authority for striking down the nonparty-fault provision of the Civil Justice Reform Act as violative of the separation-of-powers clause found in article 4, section 2.[1] The *Rockwell* court acknowledged that the legislature has the power to enact "substantive" law, which it defined as "the part of the law that creates, defines, and regulates the rights, duties, and powers of parties." 2009 Ark. 241, at 8, 308 S.W.3d at 141 (internal citations omitted). Conversely, it defined procedural law, which is the exclusive province of the supreme court, as "the rules that prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights or duties themselves." *Id.*

With the substantive/procedural dichotomy in mind, we turn to the challenged "Failure to Comply" provision of our Mandatory Seat Belt Use law, codified at Arkansas Code Annotated section 27-37-703 (Repl. 2014):

(a)(1) The failure of an occupant to wear a properly adjusted and fastened seat belt shall not be admissible into evidence in a civil action.

(2) Provided, that evidence of the failure may be admitted in a civil action as to the causal relationship between noncompliance and the injuries alleged, if the following conditions have been satisfied:

(A) The plaintiff has filed a products liability claim other than a claim related to an alleged failure of a seat belt;

(B) The defendant alleging noncompliance with this subchapter shall raise this defense

---

[1] No person or collection of persons, being of one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.

in its answer or timely amendment thereto in accordance with the rules of civil procedure; and

(C) Each defendant seeking to offer evidence alleging noncompliance has the burden of proving:

(i) Noncompliance;

(ii) That compliance would have reduced injuries; and

(iii) The extent of the reduction of the injuries.

(b)(1) Upon request of any party, the trial judge shall hold a hearing out of the presence of the jury as to the admissibility of such evidence in accordance with the provisions of this section and the rules of evidence.

(2) The finding of the trial judge shall not constitute a finding of fact, and the finding shall be limited to the issue of admissibility of such evidence.

When we interpret a statute, our goal is to give effect to the intent of the legislature. *State v. Colvin*, 2013 Ark. 203, 427 S.W.3d 635. The process requires us to place the statute beside other statutes relevant to the subject matter in question so that we can derive the meaning and effect from the whole. *Id.* Statutes relating to the same subject must be construed together and in harmony, if possible. *Id.*

As stated previously, section 27-37-703 is part of the Arkansas Mandatory Seat Belt Use Law. From its inception as Act 562 of 1991, the law was intended by the legislature to be strictly a penal statute, making the failure of front-seat occupants of a motor vehicle to wear a seat belt a traffic violation. *See* Ark. Code Ann. § 27-37-706. Section 27-37-706 states,

(a) Any person who violates this subchapter shall be subject to a fine not to exceed twenty-five dollars ($25.00).

4

(b) When a person is convicted, pleads guilty, pleads nolo contendere, or forfeits bond for violation of this subchapter, court costs under § 16-10-305 shall be assessed, but other costs or fees shall not be assessed.

Further, the original version of section 27-37-703, as it appeared in section 5 of Act 562, was the expression of the legislature's intent to not concomitantly create a civil cause of action for failure to wear a seatbelt:

SECTION 5. The failure to provide or use a seat belt shall not be considered under any circumstances as evidence of comparative or contributory negligence, nor shall such failure be admissible as evidence in the trial of any civil action with regard to negligence. Neither shall the failure to provide or use seat belts be considered under any circumstances as evidence in any prosecution for negligent homicide.

As such, this section is substantive law because it "defines and regulates the rights, duties, and powers of parties," relative to the newly created requirement to use seat belts. *See Rockwell Automation*, 2009 Ark. 241, at 8, 308 S.W.3d at 141. While the original version of this statute was amended by Act 1118 of 1995 so as to not foreclose the use of evidence of seat belt nonuse in products-liability cases, the legislature's intent to keep the Arkansas Mandatory Seat Belt Use Law from creating a civil cause of action, or having pecuniary consequences for an injured person pursing a civil cause of action, has remained.

When the *Rockwell* court struck down the nonparty-fault provision of the Civil Justice Reform Act, it noted that Arkansas Code Annotated section 16-55-202 "established its own procedure by which the fault of a nonparty shall be litigated." 2009 Ark. 241, at 8, 308 S.W.3d at 141. In essence, the substantive right to have fault apportioned already existed, and the legislature unconstitutionally invaded the province of the courts to prescribe how the parties' relative fault may be proved in a court of law. In contrast, through section 27-37-

703, the legislature has expressed its intention that its requirement that motorists use seat belts shall not be a basis for diminishing an injured person's recovery of damages in a simple motor-vehicle negligence case, regardless of how the case is tried. Accordingly, because section 27-37-703 is substantive law, it does not offend the separation-of-powers clause in article 4, section 2 of the Arkansas Constitution.

I am mindful that the plain language of section 27-37-703 proscribes admitting into evidence a party's nonuse of seat belts in a civil case. I am likewise mindful that the *Rockwell* court also struck down the medical-costs provision of the Civil Justice Reform Act, which stated as follows:

> Any evidence of damages for the costs of any necessary medical care, treatment, or services received shall include only those costs actually paid by or on behalf of the plaintiff or which remain unpaid and for which the plaintiff or any third party shall be legally responsible.

Ark. Code Ann. § 16-55-212(b) (Supp. 2013). The *Rockwell* court reasoned,

> It is undisputed that the rules of evidence are "rules of pleading, practice and procedure." Moreover, we have held that the rules of evidence are rules falling within this court's domain. *See Ricarte v. State*, 290 Ark. 100, 717 S.W.2d 488 (1986). Our review of the plain language of the medical-costs provision reveals that the instant statute promulgates a rule of evidence. Here, the provision clearly limits the evidence that may be introduced relating to the value of medical expenses to the amount of medical expenses paid or the amount to be paid by a plaintiff or on a plaintiff's behalf, thereby dictating what evidence is admissible. Because rules regarding the admissibility of evidence are within our province, we hold that the medical-costs provision also violates separation of powers under article 4, § 2 and amendment 80, § 3 of the Arkansas Constitution and, therefore, is unconstitutional.

*Rockwell Automotive*, 2009 Ark. 241, at 10–11, 308 S.W.3d at 142. Nonetheless, I contend that *Rockwell* does not control the question before us.

The mere use of the word "evidence" in the statute does not make the statute a rule

6

of evidence. "Evidence" appears in more than 4000 sections and subsections of the Arkansas Code, and it is truly absurd to think that each and every time the legislature enacted one of these statutes it violated the separation of powers. A more searching analysis is required.

While amendment 80, section 3 of the Arkansas Constitution gives this court the authority to make rules regarding pleading, practice, and procedure for the courts of this state, our constitutional rule-making authority does not give us the power to "abridge, enlarge or modify any substantive right." *Id.* As noted previously, section 27-37-703 is substantive law, which, under our separation-of-powers doctrine, is the province of the legislature. Our rules of evidence substantiate this analysis. Rule 402 of the Arkansas Rules of Evidence contemplates the legislature's power to identify certain matters of substantive law that will affect the admissibility of certain pieces of evidence. Rule 402 states, "All relevant evidence is admissible, *except as otherwise provided by statute* or by these rules or by other rules applicable in the courts of this State. Evidence which is not relevant is not admissible." (Emphasis supplied.) The question therefore becomes whether it was this court that violated the separation of powers when we drafted Rule 402 or the legislature when it accepted the rule's plainly stated invitation for the legislature to input substantive law. I submit that neither violates the separation-of-powers clause.

In *Bedell v. Williams*, 2012 Ark. 75, 386 S.W.3d 493, this court held that the legislature did not violate the separation-of-powers clause when it created by statute, Arkansas Code Annotates section 16-114-207(3), a privilege to not testify at a trial involving certain matters. The *Bedell* court held that an equivalent clause in Rule 501 of the Arkansas Rules of

7

Evidence, "Except as otherwise provided by constitution or statute," justified the legislature's

creation of the privilege as a specific grant of authority.  The majority's effort to distinguish

the case before us falls well short.  In both instances, the net result is that there will be no

evidence presented for a particular purpose.

    In my view, section 27-37-703 is also like our rape-shield law, codified at Arkansas

Code Annotated section 16-42-101:

> (b) In any criminal prosecution under § 5-14-101 et seq. or § 5-26-202, or for criminal attempt to commit, criminal solicitation to commit, or criminal conspiracy to commit an offense defined in any of those sections, opinion evidence, reputation evidence, or evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person, evidence of a victim's prior allegations of sexual conduct with the defendant or any other person, which allegations the victim asserts to be true, or evidence offered by the defendant concerning prior allegations of sexual conduct by the victim with the defendant or any other person if the victim denies making the allegations is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose.

This court has upheld the constitutionality of section 16-42-101. *Sera v. State*, 341 Ark. 415,

17 S.W.3d 61 (2000), *cert. denied*, 531 U.S. 998.  In short, the rape-shield law, like  section

27-37-703 in the Arkansas Mandatory Seat Belt Use Law, involves a broad prohibition  on

the admission of certain evidence that the legislature has determined to be not relevant in civil

actions.

    In comparison, the medical-costs provision of the Civil Justice Reform Act that was

struck down by the *Rockwell* court dictated not only what evidence could be admitted, but

also what foundational predicates would be required before that evidence could be admitted,

which essentially invaded the circuit court's discretion in admitting evidence, which conflicts

8

with the Arkansas Rules of Evidence. *See, e.g.*, Ark. R. Evid. 403. I am mindful that whenever a statute conflicts with a rule of evidence, it is a violation of the separation of powers. *Broussard v. St. Edward Mercy Health Sys, Inc.*, 2012 Ark. 14, 386 S.W.3d 385. However, there is nothing in section 27-37-703 that conflicts with the Arkansas Rules of Evidence. Thus, in my view, the majority has clearly erred in finding that, by enacting section 27-37-703, the legislature violated the separation-of-powers clause.

9

# SUPREME COURT OF ARKANSAS

No. CV-15-677

| | |
|---|---|
| CORINA MENDOZA<br><br>                   **PETITIONER**<br><br>V.<br><br>WIS INTERNATIONAL, INC.,<br>ANTHONY ADAMS, AND<br>WASHINGTON INVENTORY<br>SERVICES, INC.<br><br>               **RESPONDENTS** | Opinion Delivered: April 14, 2016<br><br>CERTIFIED QUESTION FROM THE<br>UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF<br>ARKANSAS, WESTERN DIVISION<br><br>HONORABLE JAMES M. MOODY, JR.<br><br>DISSENTING OPINION. |

**RHONDA K. WOOD, Associate Justice**

Because I think the majority's analysis is inherently flawed and only further confuses this court's application of amendment 80, § 3 of the Arkansas Constitution, I dissent. Arkansas Rule of Evidence 402 reads, "All relevant evidence is admissible, *except as otherwise provided by statute* . . . ." Ark. R. Evid. 402 (2015) (emphasis added). Therefore, our Rule of Evidence, which this court alone may promulgate, permits the General Assembly to pass statutes regarding the relevancy and admissibility of evidence.

Inexplicably, the majority finds that our rules do not mean what they say. Instead of giving the words of Rule 402 their ordinary meaning, the majority incorrectly interprets Rule 402 as stating "all relevant evidence is admissible, except as otherwise provided by statute [*unless it is a Rule of Evidence which is solely the province of the supreme court*]." Ark. R. Evid. 402. The majority's interpretation renders the language "except as otherwise provided by statute" meaningless.

In addition, the majority attempts to rectify its ruling with conflicting precedent by rewriting its analysis in *Bedell v. Williams*. 2012 Ark. 75, 386 S.W.3d 493. In *Bedell*, we held that Arkansas Code Annotated section 16-114-207, which provides medical-care providers the privilege of refusing to testify to certain matters, did not violate the separation-of-powers doctrine. In upholding the constitutionality of the statute, we explained that the court, via a Rule of Evidence, had provided the General Assembly the power to enact such statutes:

> This court has specifically given the General Assembly the power to enact statutes regarding testimonial privilege. *See* Ark. R. Evid 501 (no person has a privilege to refuse to testify or prevent another from being a witness "except as otherwise provided by constitution or *statute*") (emphasis added).

*Bedell*, 2012 Ark. 75, at 17, 386 S.W.3d at 505. Thus, despite our holding in *Johnson* in 2009 that the General Assembly cannot enact a statute that "clearly limit[s] the evidence that may be introduced," our court more recently held in *Bedell* that our words mean what they say.

Despite this clear precedent, the majority now concludes that the statute in *Bedell* is distinguishable from the statute for the following reason:

> In Rule 501 of the Arkansas Rules of Evidence, we granted the legislature the authority to enact statutes regarding privilege because the power of the legislature to enact statutes regarding privilege is substantive law and does not conflict with amendment 80 and the separation-of-powers doctrine. Rule 402, however, is procedural in that it dictates what evidence is relevant.

What the majority does not explain, because it cannot, is that Rule 402 and Rule 501 have virtually identical language.[1]   If we did not intend to give the General Assembly the authority to modify or supplement Rule 402 then why would we have a rule that states exactly that? I believe this court should follow the plain meaning of its own rules. Furthermore, I believe the majority opinion only further confuses practitioners and legislators.   Accordingly, I dissent.

---

[1]   In addition to Arkansas Rule of Evidence 402 and 501, Rules 508(b), 901(10), 902(10) and 1002 also contain language that permits the General Assembly to modify or supplement the evidentiary rules.

**IN TESTIMONY, That the above is a true copy of the opinion of said Supreme Court rendered in the case therein stated,**

**I, Stacey Pectol, Clerk of said Supreme Court, hereunto set my hand and affix the Seal of said Supreme Court, at my**

**office in the City of Little Rock this** ___3ʳᵈ___ **day of** _May_ _____ **A.D., 20** _16_ .

_____
                                                                    **Clerk**

_____
                                                                    **D.C.**