**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CORINA MENDOZA**                                                           **PLAINTIFF**

**vs.**                               **No. 4:14 CV-426 JM**

**WIS INTERNATIONAL, INC.,
ANTHONY ADAMS and
WASHINGTON INVENTORY SERVICE, INC.**                      **DEFENDANTS**

**RESPONSE TO MOTION TO COMPEL**

Comes the Plaintiff, Corina Mendoza, by and through her attorneys, and for her Response to the Motion to Compel states:

1. Plaintiff does not object to providing information from her Facebook page that is generally available to the public. However, any information that is not on her "wall" or posted to where the general public may have access to the information comes with a reasonable expectation of privacy and should not be the subject of a "fishing expedition". Further, certain of the posts/Facebook messages may contain attorney-client privileged information.

2. A person has a reasonable expectation of privacy in their private/posts and messages not expected to be seen by the general public or beyond a limited individual or group. See R.S. ex. rel S.S. v. Minniewaska Area School Dist. No. 2149 894 F.Supp2d 1128 (D. Minn 2012). Ehling v. Monmouth-Ocean Hosp. Service Corp, 872 F.Supp2d 369 (D.NJ 2012). A broad request for any privately posted information is akin to a fishing expedition and to be discoverable should be narrowly tailored. *See e.g.* McCann v. Harleysville Ins. Co. of New York, 78 A.D. 1524 (4th Dep't 2010).

3.	That being said, items that directly relate to the case at bar are most likely discoverable under the rules. In order to balance the needs of the Plaintiff's privacy and to serve the intent of the discovery rules. Plaintiff's counsel would be willing to review the non-public postings and provide those relevant to the liability and damages issues to the defense counsel within a reasonable time after the Court's ruling. In the alternative, Plaintiff would request that the non-public Facebook information be reviewed *in camera* for a determination of discoverability by the Court. *See e.g.* Spearin v. Linmar, L.P., 129 A.D.3rd 528, 2015 WL 3678163 (1st Dep't, 2015).

WHEREFORE, the Plaintiff respectfully request that this Court enter an denying the Motion to Compel and entering an Order consistent with Plaintiff's Response, and for all other relief to which she may be entitled.

Respectfully submitted,

/s/ Christopher Heil
Christopher R Heil   A.B.N. 92128
Mr. George Wise   A.B.N. 78171
***THE BRAD HENDRICKS LAW FIRM***
500 C Pleasant Valley Dr.
Little Rock, AR  72227
(501) 221-0444
(501) 661-0196 (fax)
*cheil@bradhendricks.com*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 12th day of July, 2016, a true and correct copy of the above and foregoing document was electronically filed with the clerk of Court using CM/ECF system, which shall send notification of such filing all counsel of record:

Mr. D. Michael Huckabay, Jr., Esq.
Huckabay Law Firm
Metropolitan Tower
425 West Capitol, Suite 1575
Little Rock, AR  72201
*Michael@huckabaylawfirm.com*

Ms. Kara Mickels, Esq.
Munson, Rowlett, Moore & Boone, P.A.
400 West Capitol, Suite 1900
Little Rock, AR  72201
kara.mikles@hmrmlaw.com


Mr. F. Thomas Curry, Esq.
McMILLAN, TURNER, McCORKLE & CURRY
929 Main Street
P.O. Box 607
Arkadelphia, AR  71923
*curry@mtmc-law.com*

                                              /s/ Christopher R. Heil